Darren J. Devlin, Esq. [SBN 176261]
The Law Offices of Jason C. Tatman, A.P.C.
5677 Oberlin Drive, Suite 210
San Diego, CA 92121
(844) 252-6972
Fax (858) 348-4976
jt@nationwidereconveyance.com
Attorneys for Secured Creditor and Movant
Deutsche Bank National Trust Company, as Trustee for FFMLT Trust 2006-FF3, Mortgage Pass-Through Certificates, Series 2006-FF3

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA—SACRAMENTO DIVISION

In re:

Salvatore Crivello and Emma Jane Crivello,

    Debtors.

_____

Deutsche Bank National Trust Company, as Trustee for FFMLT Trust 2006-FF3, Mortgage Pass-Through Certificates, Series 2006-FF3,

    Movant,

-vs-

Salvatore Crivello and Emma Jane Crivello, Debtors; Michael P. Dacquisto, Chapter 7 Trustee; Lisa Gentry

    Respondents.

Case No: 19-21017

Chapter 7

DC No.: DJD-001

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

Date: 04/10/19
Time: 10:00 a.m.
Ctrm: 34
Dept: D

*The courtroom of the Honorable Robert S. Bardwil*

    Secured Creditor and Moving Party Deutsche Bank National Trust Company, as Trustee for FFMLT Trust 2006-FF3, Mortgage Pass-Through Certificates, Series 2006-FF3 ("Creditor"), respectfully submits its Motion for Relief from Automatic Stay to enforce its lien upon the personal property of Debtors Salvatore Crivello and Emma Jane Crivello ("Debtors").

1. On February 21, 2019, Debtors filed a voluntary Chapter 7 petition.

2. Michael P. Dacquisto is the duly qualified and acting Chapter 7 Trustee.

3. On November 22, 2005, Debtor Salvatore Crivello ("Borrower"), for valuable consideration, made, executed, and delivered to First Franklin a written Adjustable Rate Note ("Note"). Pursuant to the terms of the Note, Borrower promised to repay the amount of $936,000.00 at an initial annual interest rate of 6.75% in three hundred and sixty (360) monthly payments commencing on January 1, 2006, and continuing thereafter until December 1, 2035, at which time all amounts due and owing under the Note are to be paid in full.

4. As security for the Note and as part of the same transaction, Borrower made, executed, and delivered to First Franklin a Deed of Trust granting First Franklin beneficial interest in the real property commonly known as 29805 Rustic Oak, Laguna Niguel, CA 92677 ("Property"). The Deed of Trust was duly recorded in the County Recorder's Office of Orange County, California. The Note and Deed of Trust have been duly assigned to Creditor.

5. Debtors have defaulted in the payments due under the Note and Deed of Trust by failing to make the monthly payment due July 1, 2018, and all payments due thereafter. Arrears now exist in the amount of $31,026.30 representing eight (8) payments, fees, and costs. An additional payment is due on March 1, 2019, in the amount of $3,670.61. Arrears are as follows:

| | |
|---|---|
| 7/1/18 payment | $3,777.75 |
| 8/1/18 payment | $3,777.75 |
| 9/1/18 payment | $3,777.75 |
| 10/1/18 payment | $3,670.61 |
| 11/1/18 payment | $3,670.61 |
| 12/1/18 payment | $3,670.61 |
| 1/1/19 payment | $3,670.61 |
| 2/1/19 payment | $3,670.61 |
| Attorneys' fees | $1,125.00 |
| Inspection fee | $ 90.00 |
| Payoff Statement fee | $ 125.00 |
| Total Arrearages | $31,026.30 |

6. The total amount due and owing to Creditor on the Note as of February 28, 2019, is $993,585.38.

7. Creditor is informed and believes and thereon alleges that the fair market value of the Property is $1,050,000.00.

8. Creditor is informed and believes and thereon alleges that there exists a junior lien on the Property in favor of Lisa Gentry in the amount of $20,000.00.

9. Debtors have indicated an intent to surrender the Property in their Statement of Intention.

## AUTHORITY

Creditor seeks relief from the automatic stay pursuant to 11 U.S.C. Section 362(d)(1) for cause and 11 U.S.C. Section 362(d)(2) for lack of equity.

I. <u>Cause—11 U.S.C. Section 362(d)(1)</u>

Cause exists to grant relief from stay pursuant to 11 U.S.C. Section 362(d)(1) because Debtors are delinquent in payments to Creditor and Debtors has no equity in the Property after costs of sale and Creditor's interest in the Property is therefore not adequately protected. 11 U.S.C. Section 362(d) states: "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay— **(1)** for cause, including the lack of adequate protection of an interest in property of such party in interest; **(2)** with respect to a stay of an act against property under subsection (a) of this section, if— **(A)** the debtor does not have an equity in such property; and **(B)** such property is not necessary to an effective reorganization;…."

II. <u>Lack of Equity—11 U.S.C. Section 362(d)(2)</u>

As further grounds for relief from the automatic stay, pursuant to 11 U.S.C. Section 362(d)(2), Creditor submits that Debtors have no equity in the Property as the amount due and owing under the Note exceeds the fair market value of the Property, after costs of sale.

WHEREFORE, Creditor prays that the automatic stay be modified as follows:

A. For an Order granting Creditor immediate relief from the automatic stay to take any and all actions, including, but not limited to, foreclosure and sale, to enforce its lien

1. on the real property commonly known as 29805 Rustic Oak, Laguna Niguel, CA 92677;
2. B. That the requirements of Bankruptcy Rule 4001(a)(3), be waived; and
3. C. That Creditor have such other and further relief as the Court may deem just and proper.

Dated: March 7, 2019            Respectfully submitted,

*/s/Darren J. Devlin*_____
Darren J. Devlin, Esq.
Attorney for Secured Creditor and Movant
Deutsche Bank National Trust Company, as Trustee for FFMLT Trust 2006-FF3, Mortgage Pass-Through Certificates, Series 2006-FF3